### SABUTIS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1921.)

No. 2872.

**Intoxicating liquors** ⊂⇒236 (11)—**Evidence establishing unlawful sale.**
   Evidence *held* to sustain a conviction for unlawful sale of beer and wine.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Frank Sabutis. Judgment of conviction, and defendant brings error. Affirmed.

Kevin Kane, of East St. Louis, Ill., for plaintiff in error.
A. B. Dennis, of Danville, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Frank Sabutis was convicted and sentenced on three counts of an indictment charging him with unlawfully selling (a) beer, (b) wine, (c) gin, and charging that each of the liquors, designated contained "more than 1½ per cent. of alcohol by volume."

Error is assigned, to borrow counsel's language, because:

"The federal prohibition officers in seizing the bottles of beer without a search warrant were guilty of an unlawful seizure within the meaning of

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
270 F.—14

the Fourth Amendment, and the introduction of the beer in evidence was contrary to the Fifth Amendment."

An examination of the evidence convinces us that there was no unlawful seizure, nor was there any demand for the return of the liquor prior to the trial. The witness McCarthy quite accurately tells us what was done in the following language:

"I went out to Mr. Sabutis' place of business in company with R. W. Venters, another revenue man, and we walked into his saloon, and we didn't try to buy anything, and we stepped up to his counter, and I said, 'We are from the Internal Revenue Department and came out to see what you are selling,' and at that time there was three men and one woman standing at the end of the counter and they called for Griesedieck light lager beer, and he slid the beer to the three men, and the woman said she would take wine, and he went down under the counter and brought up a bottle of wine and they drank it and paid for it, and I said, 'I would like to have samples of the stuff you are selling.' He said, 'All right,' and he handed me that there. He had a case of beer in the ice box. I said, 'I would like a sample of that wine.' He said, 'All right.' I said, 'I don't want to take the whole quart, because I don't have any use for it,' and that's the bottle he gave me, and I asked him if that was all, and he said 'No,' he had a bottle of gin. I asked for that, and that's it there."

While defendant's witnesses do not describe the occurrence in the same way their testimony is entirely reconcilable with the foregoing statement.

Complaint is also made because certain witnesses were permitted to give their opinion as to the alcoholic content of the wine. Our examination of the record fails to disclose any objection to this evidence. We might add that the witnesses qualified so as to make the testimony admissible.

The further contention is made that the evidence fails to show a sale of wine. It appears the recipient was defendant's wife, but it also appears that the wine was sold to and paid for by a companion.

The judgment is affirmed.